THE LAW OFFICES OF NEIL B. CONNELLY
Attorneys for the Appellant-Creditor-Plaintiff
Michael Kuo Corporation
99 Church Street
White Plains, New York 10601
(914) 328-4100

Neil B. Connelly (NC-9976)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Chapter 11
In re:

ULTIMATE FITNESS OF MANHATTAN, INC.,          Case No. 06-11396(ALG)
ULTIMATE FITNESS OF N.Y., INC.,               Case No. 06-11397(ALG)

                              Debtors.            (Jointly Administered)
------------------------------------------------------------------------X
MICHAEL KUO CORPORATION,

                    Plaintiff,              **NOTICE OF
                                            DESIGNATION OF
                                            RECORD ON
                                            APPEAL AND
                                            ISSUES ON
                                            APPEAL**

            -against-

ULTIMATE FITNESS OF MANHATTAN, INC., d/b/a
POWERHOUSE GYM & FITNESS CENTER AND FIFTY      Adv.Pro.No.:
EAST FORTY SECOND COMPANY, LLC,                06-01746 (ALG)

                    Defendants.
------------------------------------------------------------------------X

        MICHAEL KUO CORPORATION, the plaintiff, appeals under 28 U.S.C. §
158(a) or (b) from each and every part of that certain judgment, order or decree of the
bankruptcy judge Allan L. Gropper entered in this adversary proceeding on the 24th day
of August, 2007.

        A.      Pursuant to Federal Rules of Bankruptcy Procedure Rule 8006, Plaintiff
hereby designates the following items of the record on appeal:

1)          Certified Order Transferring Case to U.S. Bankruptcy Court, S.D.N.Y. Pursuant to Application For Removal;

2)          Answer to Notice of Removal;

3)          Answer to Complaint, Counterclaim against Michael Kuo Corporation filed on behalf of Ultimate Fitness of Manhattan, Inc.;

4)          Motion for Summary Judgment filed on behalf of Michael Kuo Corporation, with supporting attachments;

5)          Declaration by Thomas Meshinsky in Opposition to Summary Judgment Motion filed on behalf of Ultimate Fitness of Manhattan, Inc.;

6)          Statement of Material Facts pursuant to Local Bankruptcy Rule 7056-1 filed on behalf of Ultimate Fitness of Manhattan, Inc.;

7)          Reply to Opposition to Motion for Summary Judgment filed on behalf of Michael Kuo Corporation;

8)          Transcript of Hearing Held on 7/26/07, Re:  Judge's Decision;

9)          Judgment signed on 8/24/2007;

10)         Notice of Appeal filed on behalf of Michael Kuo Corporation; and

11)         Transcript of Trial Held on June 25 and 27, 2007, and all trial exhibits entered into evidence at trial (presently being copied by Regency Reporting, Inc.).

B.     The issues to be presented on appeal are as follows:

1)          Whether or not the Court erred in concluding that no party sought to remand this action back to state court?

2)           Whether or not the Court erred in concluding that Michael Kuo Corporation consented to the exercise of core jurisdiction by the United States Bankruptcy Court?

3)          Whether or not the Court erred by failing to hear Michael Kuo Corporation's Motion for Summary Judgment against Fifty East Forty Second Company, LLC?

4)          Whether or not the Court erred in determining that there were no additions and revisions to the original construction plans?

5)          Whether or not the Court erred in its reliance upon architect, Bruce Carter's, assertion as to status of completion of the construction project at the time the dispute occurred between the parties?

6)          Whether or not the Court erred in determining that Ultimate Fitness paid the sum of $48,000.00 in order to complete the work at the project?

7)          Whether or not the Court erred in estimating that $48,000.00 was a fair cost to complete the project under the terms of the original contract?

8)          Whether or not the Court erred in determining that Michael Kuo Corporation's damages are the sum of $31,950.00?

9)           Whether or not the Court erred in determining that Michael Kuo Corporation's delivery of the February 3, 2006 revised proposal and construction contract to Ultimate Fitness of Manhattan, Inc. constituted an anticipatory repudiation of the original contract?

10)         Whether or not the Court erred in determining that it is immaterial that Michael Kuo Corporation suffered damages for special-ordered items, which are lienable items under the New York Mechanic's Lien Law, and that were requested on behalf of Ultimate Fitness of Manhattan, Inc., but not delivered to the site because of the instant dispute?

11)         Whether or not the Court erred in determining that because Michael Kuo Corporation submitted its change orders and requests for payment for additional items in an untimely manner, it is not entitled to payment for these items?

12)         Whether or not the Court erred in its determination that Ultimate Fitness of Manhattan, Inc. acted promptly and reasonably by discontinuing its agreement with Michael Kuo Corporation by way of a 10:00 P.M. facsimile on February 6, 2006, which was as a result of Michael Kuo Corporation's demand for payment for additional work and change orders?

13)         Whether or not the Court erred in requiring that evidence be submitted in a summary fashion, and, thereafter, determining that submitting evidence in a summary fashion failed to provide sufficient evidence substantiating the percentage of completion of the work and the work performed?

14)    Whether or not the Court erred in determining that an overstatement of the amount of the mechanic's lien constitutes willful exaggeration of lien?

15)    Whether or not the Court erred by assuming that because it found that Michael Kuo Corporation was unable to support the full amount of its lien, that its lien was willfully exaggerated?

16)    Whether or not the Court erred in determining that Ultimate Fitness of Manhattan, Inc. met the burden of proof required under the New York Mechanic's Lien Law in order to prevail on a claim for willful for exaggeration of mechanic's lien?

17)    Whether or not the Court erred in finding that Michael Kuo Corporation's mechanic's lien was willfully exaggerated in the absence of evidence of intentional and/or willful conduct as prescribed under New York Mechanic's Lien Law?

18)    Whether or not the Court erred in its award of $36,389.00 to Ultimate Fitness of Manhattan, Inc. for willful exaggeration of mechanic's lien as against Michael Kuo Corporation?

19)    Whether or not the Court erred in determining that Michael Kuo Corporation's mechanic's lien is willfully exaggerated and therefore void?

Dated:  September 19, 2007

Signed: _____/s/_____
                    Attorney for Appellant
                    Neil B. Connelly, Esq. (9976)
                    99 Church Street, 4th Floor
                    White Plains, New York 10601
                    (914) 328-4100